Beer, J.
Whether the alleged warrant of attorney would authorize the confession of a judgment in favor of the payee or not, is not decided, that question not being necessarily before us. The question then is, whether the confession under the alleged warrant of attorney gave the court jurisdiction of the plaintiff in error to render judgment on the note in favor of the bank. It will be observed that no authority is expressly conferred to confess a judgment in favor of any indorsee or legal holder.
“ A warrant of attorney to confess judgment must be strictly construed, and the authority thereby conferred cannot be exercised beyond the limits expressed in the instrument.” Cushman v. Welsh, 19 Ohio St., 536.
“The attorney can do nothing more that execute the power conferred by his warrant, and his authority must be strictly pursued, and is never extended beyond that which is given in its terms.” Ib.; 8 Dun. & East., 257; Story on Agency, § 68.
The alleged warrant of attorney attached to the note is not by its terms negotiable, and when the note was transferred, it became invalid and inoperative. Osborn v. Hawley, 19 Ohio, 130; Marsden v. Soper, 11 Ohio St., 503.
It is true that it has been recently held that a warrant of attorney may be transferred by the payee of a note, and a valid judgment rendered thereon in favor of the holder; but in all the reported cases the power is expressly conferred to confess a judgment in favor of the legal holder or the holder. Watson v. Paine, 25 Ohio St., 346; Clements v. Hull, 35 O. S., 141.
Under the cases cited we hold that the attorney in this case exceeded the power conferred, and that the court had no jurisdiction.
Judgment of the common pleas court reversed.